## MARY K. WILLIAMSON v. THE COMMONWEALTH.

Bail — Recognizance — Forfeiture in Circuit Court — Criminal and Penal Causes and Pleas of the Commonwealth Transferred to Criminal Court — Summons on Forfeiture to Circuit Court — Judgment in Criminal Court.

Becroft was, on the 8th day of August, 1863, indicted in the Campbell Circuit Court, and admitted to bail and appellant became bound as his surety. Becroft failed to answer at the February term, 1864, and his recognizance was adjudged forfeited, whereupon the appellant was summoned to appear in the court at its next April term, and show cause, etc. In the meantime a Criminal Court was established for Campbell county to which all the criminal and penal causes and pleas of the Commonwealth were transferred. Prior to the time the cause should have been moved to the Criminal Court no summons had been served on appellant. On the 23d day of April, 1867, judgment was rendered against appellant in the Criminal Court. *Held*, that the Criminal Court had no jurisdiction in the matter as appellant was summoned to appear in the Circuit Court.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 4, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The indictment against appellant's principal was found and returned to the Campbell Circuit Court, and the recognizance re-

quired him to appear in said Circuit Court, on the first day of its next succeeding term.

By an *Act* approved 5th February, 1866, entitled, "An Act *to establish a Criminal Court in the ninth judicial district,*" among other things, it was provided that the clerks of the several Criminal Courts in said district should be the clerks of said Criminal Courts, and it was made their duty, immediately after the 1st day of August, 1866, to transfer without fee all criminal and penal causes from the docket of the Circuit Court to the docket of the Criminal Court in each county, which causes shall thereafter be disposed of in the said Criminal Court and said Circuit Court shall no longer take cognizance of any criminal or penal causes, or plea of the Commonwealth in said district. And the terms for holding said Criminal Courts in the county of Campbell were fixed at Newport on the fourth Mondays in January, April, and October, to continue twelve judicial days each; and at Alexandria on the second Monday in March, and the first Monday in October to continue six judicial days each; but there is no law for holding a *Circuit* Court in said county in the month of April. By *section 2 of an act approved 11th February, 1866,* entitled "*An Act to change the terms of the Circuit Courts in the ninth judicial district,*" it is provided that all recognizances, and *other process* in criminal and penal causes, shall be made returnable as provided in an act entitled "An act to *establish a criminal court in the ninth judicial district,*" etc. And by the seventh section of the act referred to, the Circuit Courts in said district are required to make all bail bonds and recognizances taken at the term next preceding the time when this act takes effect returnable for the appearance of the party bound, to appear at such first term of the Criminal Court.

From the record before us, it appears that one R. W. Becroft was, on the 8th of August, 1863, indicted in the Cambpell Circuit Court for aiding prisoners to escape from jail, and was admitted to bail in the sum of $500, and appellant became bound as his surety, and at the February term, 1864, of said court said Becroft failed to appear to answer the charge, and the recognizance was adjudged forfeited. Whereupon a summons was issued on the 6th of March, 1867, against appellant as surety in said bail bond, summoning her to appear in the "*Campbell Circuit Court*" on the first day of the next "April term," to show cause, etc. That sum-

mons was executed on her the 21st of March, 1867, and on the 23d of April, 1867, judgment was rendered against her by the *Criminal Court of Campbell county,* held in Newport on the last named day for $500, the amount named in said bail bond, she having made default. And from that judgment she has appealed.

By *section* 92, *Criminal Code,* on a forfeited recognizance, before judgment can be rendered against a bail, summons must issue against such bail, requiring him to appear at the next term of said court to show cause why judgment should not be rendered against him for the sum specified in the bail bond on account of the forfeiture thereof, which summons shall be executed as in civil actions, and the action proceed as an ordinary civil action.

Prior to the time when the cause should have been removed from the Campbell Circuit to the Criminal Court, no summons had been served on appellant — the law required a summons to be served on her to enable her to know *where,* as well as when, to make her defense. If then after having been served with a summons requiring her to appear in the *Circuit Court* and show cause, etc., the Criminal Court can proceed to render judgment against her, it is difficult to perceive why that court could not render judgment against her, without the execution of any summons on her whatever. The recognizance bound her principal to appear in the Circuit Court, judgment of forfeiture was entered in that court, and a summons served on her to appear to make defense in that court were well calculated to deceive and delude her — more perhaps than if no summons had been served on her at all; because she might have been aware of the passage of the acts of February, 1866, *supra,* and inquired in the Criminal Court into the condition of the case; but after having been served with a summons to appear in the Circuit Court, she would very naturally have concluded her case was not removed to the Criminal Court.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

*W. E. Arthur,* for Appellant.